■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW MEREDITH, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 24, 1977, convicting defendant on his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree. Judgment affirmed. No opinion. Sweeney, J. P., Staley, Jr., Main and Larkin, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Although the defendant, when confronted by the police and questioned as to whether or not he was dealing in drugs, invited the police to "check him", he ultimately withdrew his consent before a search of his person was completed. When the police ordered the defendant to undo his pants, defendant grabbed his underwear and rolled it up in an action which can be interpreted in only one way, that is, that the defendant no longer wished to be searched. A permission to search can be withdrawn by defendant similarly as can a waiver of rights to silence and to right of counsel. Having withdrawn his consent, and the police, having no authority to search him without it, to proceed further was a violation of defendant's rights to be safe from unconstitutional searches and seizures. The mere observation of a pin secured to defendant's underwear did not constitute exigent circumstances such as would justify a search without a warrant. These circumstances cannot be likened to the situation in *People v Vaccaro* (39 NY2d 468) where a search was justified because of exceptional circumstances, that is, the danger of removal of contraband guns whose presence at the scene had been verified. Here, the attendant circumstances never rose to the level of probable cause to search, and the sighting of a pin on defendant's underwear gave no validity to proceeding with a search, consent to which had been withdrawn.